IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-19262 |
| | ) | |
| FAITH B. CADE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date: February 15, 2017 |
| | ) | Hearing Time: 10:30 a.m. |
| | ) | Room No.: 742 |

## COVER SHEET FOR FIRST AND FINAL FEE APPLICATION AND REIMBURSEMENT OF EXPENSES OF FRANKGECKER LLP

Name of Applicant:  FrankGecker LLP

Authorized to Provide Professional Services to: Frances F. Gecker, Chapter 7 Trustee of the Estate of FAITH B. CADE

Period for Which Compensation is Sought: June 12, 2012 through December 19, 2016

Amount of Fees Sought: $ 12,155.50

Amount of Expense Reimbursement Sought: $ 58.38

This is a: First and Final Fee Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

{FAITHCAD/001/00048295.DOCX/}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-19262 |
| | ) | |
| FAITH B. CADE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | **Hearing Date:** February 15, 2017 |
| | ) | **Hearing Time:** 10:30 a.m. |
| | ) | **Room No.:** 742 |

### NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **February 15, 2017**, at **10:30 a.m.**, we shall appear before the Honorable Carol A. Doyle, or such other judge as may be sitting in her stead, in Courtroom 742 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached **First and Final Application of Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of FAITH B. CADE for Compensation and Reimbursement of Expenses of Her Counsel, FrankGecker LLP,** a copy of which is attached hereto and hereby served upon you.

Dated: January 12, 2017

Respectfully submitted,

FRANCES GECKER, not individually but as
Chapter 7 Trustee of the bankruptcy estate of
FAITH B. CADE,

By: /s/   *Reed Heiligman*
     One of Her Attorneys

Reed Heiligman (ARDC No. 6294312)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone: (312) 276-1400
Facsimile: (312) 276-0035
rheiligman@fgllp.com

{FAITHCAD/001/00048295.DOCX/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-19262 |
| | ) | |
| FAITH B. CADE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |

**FIRST AND FINAL FEE APPLICATION OF
FRANCES GECKER, CHAPTER 7 TRUSTEE OF
THE BANKRUPTCY ESTATE OF FAITH B. CADE FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF HER COUNSEL, FRANKGECKER LLP**

Frances Gecker, not individually, but as Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Faith B. Cade (the "Debtor"), hereby submits the first and final application (the "Application") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation for legal services performed by FrankGecker LLP as counsel to the Trustee during the period of June 12, 2012 through and including December 19, 2016 (the "Application Period"). In support of the Application, the Trustee respectfully states as follows:

**INTRODUCTION**

1.  On May 11, 2012, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

2.  On June 12, 2012 the debtor appeared at a Section 341 meeting.

3.  On her Bankruptcy Schedule A, the Debtor disclosed a one-third beneficial interest in a land trust holding title to a 6-unit building located at 2940-2942 West Augusta, Chicago (the "Building"). The Debtor valued the Building at $475,000 and on Bankruptcy Schedule D, scheduled PNC Bank as a secured creditor holding a secured claim against the Building totaling

{FAITHCAD/001/00048295.DOCX/}

$371,000. On Bankruptcy Schedule C, the Debtor claimed a homestead exemption in the Building totaling $15,000.

4. On November 4, 2013, the Debtor filed her motion to compel the Trustee to abandon the estate's interest in the Building [Docket No. 21]. Before that motion was heard, the counsel for the parties discussed a settlement whereby the Debtor (a real estate broker) would be permitted to list the Building for sale, and the estate would receive $8,000 from the sale proceeds.

5. On November 20, 2013, the Bankruptcy Court entered the Order, authorizing the sale of the Building. The Order directed that the Debtor's share of the sale proceeds, and the Debtor's realtor commission, both be held in escrow pending the approval of the settlement between the Trustee and the Debtor as to the estate's interest in the sale proceeds.

6. On February 17, 2015, Michael Matlock, the Trustee's paralegal, contacted Debtor's counsel to inquire as to whether the Building had been sold and requested an update on the Debtor's marketing efforts. Counsel responded that he was unaware of any sale of the Building and provided no further update on the Debtor's efforts to market the building.

7. According to the online records of the Cook County Recorder of Deeds, the Debtor sold the Building, on April 16, 2014, to Mosaic Development, LLC – Series 3 (the "Sale").

8. The Trustee informed the Debtor that the proceeds of the sale were constituted property of the estate and that any disposition of the funds other than as specifically directed by the Bankruptcy Court was a violation of both the automatic stay and the Order and that the Debtor's discharge could be revoked.

9. Notwithstanding the Trustee's requests to the Debtor for information regarding the sale, the Debtor failed to respond and on June 25, 2015, the Trustee's Motion for Rule to Show

Cause Why Debtor Should Not be Held in Contempt [Dkt. 30] was filed (the "Show Cause Motion").

10. On July 30, 2015, this Court entered an Order on Hearing to Show Cause [Dkt. No. 38] (the "Show Cause Order") which approved a settlement between the Trustee and the Debtor under which the Debtor would make installment payments to the Trustee for the proceeds of the Sale.

11. The Debtor performed her obligations under the terms of the Show Cause Order and on November 13, 2016, the Trustee withdrew the Show Cause Motion.

12. To aid the Court in its review of this Application, the Trustee has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

### I.    SERVICES PERFORMED

**A.    Administration**                                                                 **$916.00**

FG spent 2.20 hours at a cost of **$916.00** on general administrative issues, including attending hearings on Debtor's motion to compel Trustee to abandon real estate and trustee's final report hearing [projected].

**B.    Claims/Claims Objections**                                                       **$387.00**

FG spent .90 hours at a cost of **$387.00** on drafting and filing notice of supplemental bar date to all scheduled creditors.

C. **Retention of Professionals/Fee Applications** $2,622.50

FG spent 10.70 hours at a cost of **$2,622.50** on drafting, filing and court appearances for Trustee's applications to restroactively employ counsel and employ accountant. Time in this category also includes time spent preparing this final fee application.

D. **Sale of Assets** $8,230.00

FG spent 19.30 hours at a cost of **$8,230.00** on issues in connection with the investigation and recovery of the assets of the estate. Notwithstanding an order directing the Debtor to hold the realtor's commission and the proceeds of the sale in escrow, the Debtor sold the Building but did not disclose the Sale to the Trustee. FG's investigation revealed the disposition and sale of the property scheduled by Debtor. Due to the failure of the Debtor to provide information to the Trustee, FG prepared and filed the Trustee's Show Cause Motion and attended the hearing on same. Upon negotiation with the Debtor, FG recommended a settlement with the Debtor which returned the Building proceeds to the Trustee thereby providing funds for a distribution to creditors.

II. **ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**

A. <u>Micah R. Krohn</u> (MRK) is senior counsel at FG. Mr. Krohn graduated from the Cardozo School of Law in 1992 after serving as a Lieutenant in the United States Navy. Mr. Krohn served as a law clerk to the Hon. Erwin I. Katz from 1992-1994, and has represented trustees, creditors' committees, debtors and creditors for nearly 25 years.

B. <u>Christina S. Smith</u> (CSS) is a bankruptcy paralegal at FrankGecker LLP. Ms. Smith has worked as a paralegal specializing in bankruptcy for over fifteen years and has experience working on debtor, creditor and trustee representations. Ms. Smith assisted counsel in case research and case administration.

    C.    <u>Michael H. Matlock</u> (MHM) is a bankruptcy paralegal at FrankGecker LLP. A graduate of the University of Oklahoma, Mr. Matlock has over 25 years of experience working in bankruptcy matters in debtor, creditor and trustee cases.

### III.    <u>CALCULATION OF TIME AND FEES</u>

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses incurred by FG during the Application Period. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtor's estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibits, FG's attorneys and paralegal have spent a total of **33.10** hours providing necessary legal services for the Trustee. As a result, they request compensation in the amount of **$12,155.50** for actual, necessary legal services performed (**<u>Exhibit A</u>**). The average hourly rate is **$367.23**. In addition, FG has expended the sum of **$58.38** for actual, necessary expenses incurred in representing the Trustee (**<u>Exhibit A</u>**). FG has voluntarily written off all expenses related to fax charges and copy charges. The amounts shown in **<u>Exhibit A</u>** are primarily for postage and Federal Express delivery to the Debtor.

In preparing this fee application, the Trustee has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by FG on each of its clients. The hourly rates charged are the regular hourly rates charged by the firm to its clients. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed for a

project, there was either a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, the Trustee has prepared a time exhibit presented in the attached **Exhibit A**. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this Application for its overhead expenses, including word processing or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, FG's non-bankruptcy clients routinely are billed and pay these types of expenses. *See In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

No compensation has been promised to FG, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A. Allowing FrankGecker LLP compensation for actual, necessary legal services in the amount of **$12,155.50**; and

B. Authorizing the Trustee to pay FrankGecker LLP compensation reimbursement in

the amount of **$58.38**.

Dated:  January 12, 2017

Respectfully submitted,

FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of FAITH B. CADE,

By: ___/s/___ *Micah R. Krohn*___
One of Her Attorneys

Micah R. Krohn (ARDC No. 6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone:    (312) 276-1400
Facsimile:    (312) 276-0035
mkrohn@fgllp.com